PEOPLE *ex rel*. KRUSE *v*. WOODMAN *et al*., Com'rs.

(*Common Pleas of New York City and County, General Term.* June 4, 1888.)

1. MANDAMUS—TO COMMISSIONERS OF EXCISE—JURISDICTION OF NEW YORK CITY COURTS.
  A court of record in New York city has power to issue an alternative writ of *mandamus* to review the refusal of the commissioners of excise of said city to grant relator an hotel license, under Laws 1886, c. 496, which provides that it shall be lawful in such cases for the person refused to apply to any court of record in the city, or judge thereof, for a writ of *mandamus* to review the action of said commissioners, and that said commissioners in their return to said writ shall include all evidence and all papers on which the action was based. The legislature did not mean a writ of *certiorari* because it provided for a return of all the proceedings.

2. SAME—ISSUES TO BE TRIED BY JURY—WHAT FACTS MAY BE EXCLUDED.
  In proceedings on an alternative writ of *mandamus* to review the action of the excise commissioners of New York city in refusing an hotel license, the court may frame an issue of fact to be tried by a jury, under Code Civil Proc. § 2083, which enacts "that an issue of fact, joined upon an alternative writ of *mandamus*, must be tried by a jury," and it is not error to refuse to include in such issue conclusions or matters of inference, motive, or intent, or facts either conceded or a matter of record.

3. SAME—TRIAL OF ISSUES BY JURY—EFFECT OF FINDINGS.
  In proceedings on a writ of *mandamus* to review the action of the excise commissioners of New York city in refusing an hotel license, the submission of issues of fact to the jury is only to assist the court in ascertaining the facts in controversy, and does not preclude the court from making a determination on the whole record, under Laws 1886, c. 496, which provides that, if the court shall determine on the hearing that the application for a license has been rejected without a valid reason, it may direct the excise commissioners to grant said license.

Appeal from special term.

Charles Kruse applied to Charles H. Woodman, William S. Andrews, and John Van Glahn, commissioners of excise of the city of New York, for an hotel license, which application was denied. He then obtained an alternative writ of *mandamus* against the board, which made a motion to quash. This motion was denied by Judge DALY, and the board appealed. Subsequently Judge BOOKSTAVER made an order settling an issue of fact to be tried by a jury, and from this order the board also appealed.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Charles W. Dayton*, for appellants. *E. L. Bushe* and *W. Bourke Cockran*, for respondent.

LARREMORE, C. J. These are appeals by the excise commissioners of the city of New York from two orders,—one dated February 6, 1888, which denied the defendants' motion to quash and set aside an alternative writ of *mandamus* hereinbefore granted; the other dated March 7, 1888, which framed an issue to be submitted to a jury. The relator had applied to such commissioners for an hotel license to sell intoxicating liquors upon the premises 238 East Fourteenth street, in the city of New York, and such application was refused. Thereupon said relator, proceeding under chapter 496 of the Laws of 1886, applied to this court, at a special term thereof, for a writ of *mandamus* to review the action of such commissioners, upon the ground that said application had been arbitrarily rejected. The merits of this application were most carefully weighed by Judge BOOKSTAVER, at whose direction the original alternative writ was issued. The statute in question seems to contemplate a review, by means of the writ of *mandamus*, of the action of the commissioners by the court, or a judge thereof. We have considered Judge BOOKSTAVER's discussion of the facts, and are of opinion that there was no abuse of discretion in the allowance of the writ, but that, on the contrary, for the reasons stated by him, the defendants were presumably guilty of an arbitrary refusal of the license, within the meaning of chapter 496 of the Laws of 1886.

The main argument raised here by the appellants goes to the question of the power of the court to issue a writ of *mandamus* under the facts alleged, and the further question of the power to order a jury trial of a contested question of fact incidentally arising. But we cannot see how any real doubt can exist as to such power under the express language of the statute. The language is: "* * * it shall and may be lawful for such persons to apply to any court of record in said city, or to a judge thereof, for a writ of *mandamus* to review the action of such excise commissioners or board of excise, and said board in its return to said writ shall include all evidence and all papers on which the action was based." Appellants' contention is founded on the rather novel supposition that, although the statute provides for a "writ of *mandamus*," the legislature did not in reality mean what they said, but intended that a "writ of *certiorari*," or rather something equivalent to the latter writ, under the name and style of the former writ, should issue. This claim is probably made because the act provides that the return to the writ shall include all evidence and all papers on which the action is based, the procuring of which is one of the chief functions of the writ of *certiorari*. But there is no ground here for speculation as to the true intent of the lawmakers, because the language itself is so plain and straightforward. It provides for the issuance of the writ of *mandamus*, and also adds one usual incident of the writ of *certiorari*. We cannot see how these provisions are in the least incompatible with each other, or how the usual and orderly proceedings under the writ of *mandamus*, as prescribed by the Code, will be in any manner interfered with by compelling the respondents to include in their return all evidence and papers on which their official action is based. Nor do

we perceive any reason why this additional feature should not be grafted upon the customary procedure under the writ of *mandamus,* or any cause why the clearly expressed intent of the legislature should not be put into practice by the courts.

These considerations in themselves also dispose of the objections raised by the appellants to the second order appealed from, which framed an issue of fact for trial by a jury.　The legislature has decreed that the writ of *mandamus* shall issue.　What such writ is, and the practice under it, are defined and prescribed by the Code of Civil Procedure.　Section 2083 enacts that "an issue of fact joined upon an alternative writ of *mandamus* must be tried by a jury;" so that the judge at special term, having decided that the legislature meant "*mandamus*" when they said "*mandamus*," had no option but to order a jury trial of the contested questions of fact.　We may add here that the judge correctly settled such order, and limited the trial to a single issue, to-wit: "Were any person or persons other than the relator, Kruse, interested or to be interested in the business to be carried on at No. 238 East Fourteenth street, New York city, at the time of making his application for an hotel license herein, to authorize which the license sought by said Charles Kruse was to be used?"　This is the only actual controversy of fact.　The other 11 proposed issues submitted by the counsel for the excise commissioners consist either of conclusions or matters of inference, motive, or intent, or facts either conceded or of record, so that there can be no real dispute about them.

The point has been made that the ordering of a jury trial of issues of fact, as is required under the writ of *mandamus,* violates the express provision of the statute under consideration, because it provides that, "if the court or judge * * * shall determine upon the hearing of said *mandamus* that the application * * * has been arbitrarily rejected, or has been rejected without good or valid reasons therefor, the said court or judge may, by an order, direct the excise commissioners or board of excise to grant said license."　And this is urged as an additional ground for believing that the legislature could not have intended to provide for a *mandamus.*　But the trial and determination of an issue or issues of fact by a jury will not prevent the court or judge from finally passing upon the question whether the application has been arbitrarily rejected, or rejected without good or valid reasons.　The jury may find against the excise commissioners on every question submitted to them, and yet it may be perfectly competent for the court, even under those circumstances, to say that they have not refused the license arbitrarily or without good reason. The true intent and purpose of this statute are quite obvious.　It provides for an appeal from the discretionary action of the commissioners to the sound discretion of the court.　In reviewing such action of the commissioners, the court must base its action upon facts, and must consider all the facts; thos: that are conceded as well as those that are contested.　The trial by jury will simply aid the court to a final basis of action upon such of the facts as are denied.　The orders appealed from should be affirmed.